# CIRCUIT COURT OF ARLINGTON COUNTY

Fred Richardson

v.

William Richardson

December 5, 2006

Case No. (Civil) 06-851

BY JUDGE BENJAMIN N. A. KENDRICK

The plaintiff, Fred Richardson, filed a Complaint seeking a resulting trust, a constructive trust, reimbursement, repayment, and restitution against the defendant, William Richardson. The plaintiff sought to enforce an oral agreement between the parties in which the defendant agreed to deed and convey property to the plaintiff in exchange for the plaintiff's curing the defendant's mortgage payment default.

This case came before the Court on August 18, 2006, for a hearing on the plaintiffs' Motion for Entry of Default Judgment. Having taken this matter under advisement and taken the opportunity to review the pleadings and the supplemental memorandum provided by the plaintiff's counsel, the Court issues the following opinion resolving the outstanding issues.

*Factual and Procedural Background*

The following facts are taken from the plaintiffs' Complaint and Memorandum in Support of his Motion for Default Judgment filed with the Court. The defendant and the plaintiff are brothers. In 1987, the defendant purchased a home in Arlington County and financed the purchase with a mortgage loan. In 1989, the defendant failed to make his mortgage payments, and the property was advertised for foreclosure.

The parties orally agreed that, if the plaintiff cured the loan default and made all future mortgage payments on the property, the defendant would assign and deed all of his interests in the property to the plaintiff. The plaintiff cured the default and has made the monthly payments of principal, interest, property taxes, and insurance since 1989. The plaintiff has spent approximately $150,000.00 on the above costs, although these costs have been offset by rental income. The defendant has made no payments on the property since 1989. The defendant moved out of the home in 1989 and did not return until June 2006. When he returned, he evicted the plaintiff's tenants who were occupying the dwelling.

On June 14, 2006, the plaintiff filed his Complaint. On June 26, 2006, the Sheriff's Office served a copy of the Complaint and Summons on the defendant by posting. The defendant did not answer the Complaint. On July 24, 2006, the plaintiff mailed the defendant copies of the Complaint, Motion for Judgment by Entry of Default, Praecipe and Notice, and Certificate of Mailing. The plaintiff also filed the Certificate of Mailing and Motion on that date. The defendant has failed to file a responsive pleading or to make an appearance.

## Discussion

The Court finds the defendant in Default. When a Court finds a defendant in default, it shall "enter judgment for the relief appearing to the court to be due." Rule 3:19(c)(1). The Court must therefore look at each requested remedy and the facts alleged in its support to determine what relief the plaintiff should have. In the instant case, no written agreement between the parties exists. Therefore, the plaintiff must show that his requested remedies overcome the Statute of Frauds.

The plaintiff's Motion for Default Judgment prays that the Court find a resulting trust in favor of the plaintiff and order the defendant as Trustee of the property to deed and convey the property to the plaintiff. In his Memorandum in Support of his motion, the plaintiff asks for (1) a constructive trust to avoid unjustly enriching the defendant; (2) title to the property under adverse possession; or (3) reimbursement, repayment, and restitution under the doctrine of quantum meruit.

## Constructive Trust

The plaintiff argues that the defendant will be unjustly enriched if allowed to retain title to the property. The plaintiff cites one case, *Leonard v. Counts*, 221 Va. 582, 272 S.E.2d 190 (1980), as authority to award a

constructive trust. *Leonard* does not provide sufficient guidance for the Court to impose a constructive trust where there is no written agreement for the transfer of land.

"The parol evidence required to prove a resulting or constructive trust must be clear and convincing, i.e., more than a mere preponderance." *Leonard*, 221 Va. at 589, 272 S.E.2d at 195 (citations omitted). Unlike the instant case, the parties in *Leonard* had a written deed that memorialized their agreement. *Id*. at 584, 272 S.E.2d at 192. In addition, both parties also signed a purchase agreement and a memorandum. *Id*. at 585, 272 S.E.2d at 192-93. The plaintiff also provided testimony of disinterested parties that corroborated the plaintiff's assertions that the deed did not accurately reflect the parties' oral agreement. *Id*. at 587-88, 272 S.E.2d at 194.

In the instant case, the plaintiff has merely alleged an oral agreement and that he cured the loan default and made all payments on the home. However, these actions, without any writing or corroboration, do not constitute the clear and convincing evidence necessary for the Court to disregard the Statute of Frauds by imposing a constructive trust.

*Adverse Possession*

The plaintiff did not plead adverse possession in the Complaint. Therefore, the Court does not reach the issues presented in plaintiff's argument for awarding title based on a theory of adverse possession.

*Reimbursement under a Quantum Meruit Theory*

The plaintiff cites three cases for the proposition that he is entitled to reimbursement even though the agreement does not satisfy the statute of frauds. Two of the cases do not concern a contract for the transfer of land and do not address the statute of frauds. *See Marine Dev. Corp. v. Rodak*, 225 Va. 137, 300 S.E.2d 763 (1983); *Po River Water & Sewer Co v. Indian Acres Club*, 255 Va. 108, 495 S.E.2d 478 (1998).

The final case, *Hendrickson v. Meredith*, involved a young lady who took care of an older man in exchange for a promise to convey a home to her. 161 Va. 193, 170 S.E.2d 602 (1933). Upon his death, she sued for the value of her services. The Court stated that, in an action on a quantum meruit, the measure of recovery is the reasonable value of the work and labor performed by plaintiff, less the amount of compensation or benefit to the plaintiff. *Id*. at 202-03, 170 S.E.2d 605-06.

Even if the plaintiff has a valid claim for reimbursement, $150,000.00 is not appropriate because the plaintiff admits that these costs were offset by rents. However, the plaintiff does not allege what these rents were. The plaintiff could have made a net profit renting the property out for the last 17 years. Based on *Hendrickson*, the $150,000 needs to be reduced by the compensation the plaintiff received from renting the property.

## Conclusion

The plaintiff's motion for default judgment is denied on all grounds. The plaintiff has not adequately pleaded facts sufficient to support the imposition of a constructive trust. The plaintiff's failure to plead adverse possession in the complaint precludes the Court from considering granting the remedy requested under that theory. The plaintiff also has not pleaded with specificity the facts necessary for the Court to grant reimbursement of the amount sought.